T.C. Summary Opinion 2007-160

UNITED STATES TAX COURT

JOHN HAYNES, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20509-05S.                Filed September 10, 2007.

John Haynes, Jr., pro se.

<u>Dennis R. Onnen</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time of filing.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other

---

[1] Unless otherwise indicated, all Rule references are to the Tax Courts Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

case. This case is before the Court on respondent's Motion for Summary Judgment pursuant to Rule 121.

## Background

This case was commenced in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the filing of a Notice of Federal Tax Lien in order to collect petitioner's unpaid Federal income taxes for 1999 and 2000.

Petitioner filed his income tax return for 1999 and received a refund of $24,228. For the 2000 taxable year, petitioner filed his Federal income tax return and received refunds of $16,733 and $500, respectively.

An audit occurred on January 7, 2003, and subsequently respondent mailed a notice of deficiency to petitioner in which respondent determined deficiencies in petitioner's Federal income taxes for taxable years 1999 and 2000 in the amounts of $20,764 and $24,532, respectively, together with accuracy-related penalties pursuant to section 6662 for 1999 and 2000 in the amounts of $4,152.80 and $4,906.40, respectively.

The notice of deficiency was mailed to petitioner at the following addresses: 11705 Fishing River Road, Liberty, Missouri, 64068, and Post Office Box 100, Liberty, Missouri, 64069. Copies of the notice of deficiency were also sent to petitioner's authorized representative, Richard T. Jones, at the following

address: Post Office Box 1465, Rolla, Missouri, 65401. The aforementioned Liberty, Missouri, address is the same address stated on petitioner's Federal income tax returns for taxable years 1999 and 2000.

Petitioner failed to file a petition to this Court in response to the notice of deficiency. Accordingly, respondent assessed the deficiencies determined for taxable years 1999 and 2000, together with the penalties and interest applicable thereon, on May 26, 2006.

On July 9, 2004, respondent mailed a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (CDP Notice) that informed petitioner that a Notice of Federal Tax Lien had been filed because there were unpaid tax liabilities for taxable years 1999 and 2000, in the amounts of $7,114.94 and $32,851.20, respectively. The CDP Notice informed petitioner of his right to a hearing to appeal the collection action and to discuss payment method options. Publication 1660, Collection Appeal Rights, together with Form 12153, Request for a Collection Due Process Hearing, Form 12153 was enclosed with the CDP Notice.

Petitioner timely mailed a Form 12153. Petitioner's case was then referred to the Internal Revenue Service (IRS) Appeals Office in Kansas City and assigned to James C. Callanan. The Appeals officer (Mr. Callanan) mailed an acknowledgement letter to petitioner's representative, Leonard G. Goldammer (Mr.

Goldammer), on October 25, 2004.  In the letter, Mr. Callanan scheduled a CDP hearing by telephone on November 15, 2004, and also offered Mr. Goldammer an opportunity to have either a face-to-face conference or a hearing by correspondence.  The November 15, 2004, hearing was continued until December 16, 2004.

Petitioner requested a face-to-face conference, which was held on December 16, 2004, with petitioner, Mr. Callanan, and Mr. Goldammer in attendance.  A second face-to-face conference occurred between Mr. Callanan and Mr. Goldammer on February 4, 2005.

At the December 16, 2004, conference, petitioner acknowledged that he had received the notice of deficiency but had relied on his representative at that time to file a petition with the Court.  Petitioner acknowledged that it was his responsibility to assure that a petition was filed with this Court and that he had failed in this duty.  After this admission, Mr. Callanan explained to petitioner that because he had received a notice of deficiency, the merits of the underlying deficiencies could not be raised as part of the CDP hearing.  The parties then discussed the appropriateness of the collection action, the filing of the Notice of Federal Tax Lien, and possible collection alternatives.

With respect to the collection alternatives discussed at the December 16, 2004, CDP hearing, petitioner requested that any

collections action be rescinded on the grounds that the outstanding liabilities from taxable years 1999 and 2000 would ultimately be satisfied by one of two ways: (1) through a refund petitioner anticipated as a result of his yet-to-be-filed amended returns for taxable years 1999 and 2000; or (2) through a refund petitioner anticipated from his yet-to-be-filed Federal income tax return for taxable year 2004. Mr. Callanan rejected petitioner's proposal on the basis that petitioner had yet to file any of the returns proposed, and because any refund would, at that point, be purely speculative, there would be no way to assure that refunds would repay the liabilities owed. In the alternative, Mr. Callanan raised the possibility that petitioner might be able to enter into an installment agreement. Petitioner, however, stated that he would not be financially able to accept such an arrangement. The CDP hearing concluded without further mention of collection alternatives.

On February 4, 2005, Mr. Callanan met with Mr. Goldammer to review petitioner's financial statement. At this meeting, Mr. Goldammer protested that such a review was not necessary as the refunds that petitioner anticipated receiving would cover his outstanding liabilities owed.

On February 14, 2005, Mr. Goldammer left a voicemail message on Mr. Callahan's voicemail system, reiterating petitioner's position that the collection action should be abandoned in the

light of the refunds that petitioner anticipated he was to receive from the filing of amended returns for taxable years 1999 and 2000, and his Federal income tax return for 2004. Mr. Callanan contacted Mr. Goldammer and reiterated that petitioner's proposal was still unacceptable. In that same conversation, Mr. Callanan informed Mr. Goldammer that despite his continuing rejection of petitioner's proposal, he would "work on petitioner's financial statement" and get back to him.

On July 6, 2005, Mr. Callanan contacted Mr. Goldammer and informed him that because the outstanding liability owed was below $25,000--$18,277.54, to be precise--he could accept an installment agreement. Mr. Callanan then proposed that petitioner agree to make monthly payments of $375. Petitioner rejected this offer.

The record in this case includes petitioner's Federal income tax return for the taxable year 2003. On that return, petitioner reported wages, salaries, and tips in the amount of $125,979. Petitioner also reported rental income from six residential and commercial properties that he owns, including a banquet hall. As of the time the present motion was filed, petitioner had filed neither his Federal income tax return for taxable year 2004, nor any amended returns for 1999 or 2000.

## Discussion

With respect to the pending motion, petitioner was permitted to file a response but elected not to file one.

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

Section 6320 generally provides that the IRS cannot proceed with the collection of taxes by way of the filing of a notice of Federal tax lien with respect to a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the proposed filing (in the form of an IRS Office of Appeals hearing). Section 6330(c)(1) provides that the Appeals officer shall obtain verification that the requirements of any applicable law or administrative procedure have been met. Section 6330(c)(2)(A) provides that the taxpayer may raise any relevant issue relating to the unpaid tax including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection. The taxpayer may also raise challenges to the existence or amount of the underlying tax

liability if he or she did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B).

Section 6330(c)(3) provides that the determination of the Appeals officer shall take into consideration the verification under section 6330(c)(1), the issues raised by the taxpayer, and whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. If the taxpayer is dissatisfied with the determination made after the hearing, judicial review of the determination, such as that sought in this case, is available. See generally Goza v. Commissioner, 114 T.C. 176, 179-181 (2000).

Where the validity of the underlying tax liability is at issue, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). Where the taxpayer challenges the assessment procedures of the case, the Court will review the matter for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, supra. In order to prevail under abuse of discretion, a taxpayer must prove that the Commissioner exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner's position is twofold; he challenges both the underlying liability, as well as respondent's assessment procedures with respect to his case. With respect to the first prong, however, because petitioner received a notice of deficiency for taxable years 1999 and 2000, but did not file a petition with this Court, we cannot consider the underlying liability. Therefore, our inquiry rests solely with the question of whether respondent's assessment procedures and, in particular, his rejection of petitioner's collection alternative, were done arbitrarily, and without sound basis in fact or law. Id.

Petitioner's argument that respondent should rescind or abandon the collection action based on the amount of money he anticipated receiving from refunds claimed on Federal income tax returns is, at best, speculatively optimistic. Mr. Callanan reasonably explained to petitioner on more than one occasion that it would be impossible for him to rescind the collection action based on petitioner's proposal, especially where petitioner had not yet filed any amended returns for taxable years 1999 or 2000, and where his return for taxable year 2004 was not even due for another 4 months. Petitioner presented no additional evidence, aside from his assertion that refunds would be due to him from the aforementioned returns, in support of his proposal.

Despite his assertion that he was unable to remit the amount of liabilities owed, petitioner did not present any evidence that

he was financially unable to make payments. While the record is silent as to petitioner's income at the time that the present motion was filed, we note that neither petitioner nor his representative offered evidence showing that petitioner did not still possess the assets or maintain the income level as reflected on his Federal income tax return for 2003.

Mr. Callanan, however, gave full consideration to petitioner's situation, repeatedly offering petitioner the alternative of installment payments. In fact, Mr. Callanan revisited petitioner's financial statement and determined that because the amount of liabilities owed was $18,277.54, petitioner could request an installment payment option. Mr. Callanan then proposed an installment payment whereby petitioner would pay $375 per month. When Mr. Callanan presented this installment payment-option to petitioner, it was summarily rejected.

The record is replete with examples of how Mr. Callanan was more than accommodating to petitioner throughout his dealings with him. In sum, we are convinced that Mr. Callanan verified that applicable law and administrative procedures had been met, and determined that the proposed collection action balanced the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

For his part, petitioner has offered no credible evidence showing that respondent's determination was arbitrary, capricious, or without sound basis in law.  We therefore conclude that these is no genuine issue of material fact and that respondent is entitled to an entry of decision as a matter of law.

Based upon our review of the relevant evidence and law in this case, we sustain the determination of respondent to proceed with the proposed collection action to collect petitioner's unpaid income tax liabilities for taxable years 1999 and 2000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.